### IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| EARL R. GADDIS JR., | ) | |
| | ) | |
| Plaintiff, | ) | No. 24-476 |
| | ) | |
| v. | ) | Filed: July 10, 2024 |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Earl R. Gaddis Jr., proceeding pro se, alleges violations of the Constitution, the Declaration of Independence, and various international agreements between the United States and foreign nations. *See* Pl.'s Am. Compl., ECF No. 6. Before the Court are Plaintiff's application to proceed in *In Forma Pauperis* ("IFP Application") (ECF No. 2) and the Government's Motion to Dismiss this matter for lack of subject-matter jurisdiction (ECF No. 9). For the reasons stated below, the Court **GRANTS** Plaintiff's IFP Application and **GRANTS** the Government's Motion to Dismiss.

## I.    BACKGROUND

Plaintiff is presently incarcerated at Lee Correctional Institute in Bishopville, South Carolina. ECF No. 2 at 1. On March 27, 2024, Plaintiff initiated this action. *See* Pl.'s Compl., ECF No. 1. Instead of paying the filing fee, Plaintiff filed an IFP Application along with a copy of his prisoner account statement. *See* ECF No. 2. On April 2, 2024, the Court ordered Plaintiff to file an amended complaint with his signature and a Prisoner Authorization Form. *See* Order,

ECF No. 5.  Plaintiff timely filed his Amended Complaint and Prisoner Authorization Form.  *See*

ECF No. 6; Prisoner Authorization Form, ECF No. 7.

In his Amended Complaint, Plaintiff alleges that the United States has failed to recognize

him as a "true and natural person . . . by misidentifying the legal person as 'Black'" since his birth.

ECF No. 6 at 3.  Plaintiff asserts that this failure violates his rights under several international

agreements, the Declaration of Independence, and the Constitution.  *Id.*  Plaintiff asks the Court to

order that "the identity and race of [his] legal person" be changed to "Human" in "all legal

instruments of identification[,]" and that all States, Parties of the United States, and the United

Nations "recognize[] [him] with dignity[.]"  *Id.* at 3–4.  On June 12, 2024, the Government filed a

Motion to Dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of

the United States Court of Federal Claims ("RCFC").  *See* ECF No. 9.  In response, Plaintiff filed

a Motion to Strike the Government's Motion to Dismiss, which the Court construes as Plaintiff's

Response to the Government's Motion.  *See* ECF No. 10.[1]  On July 1, 2024, the Government filed

a Response to Plaintiff's Motion to Strike.  *See* ECF No. 11.

## II.  LEGAL STANDARDS

### A.    IFP Status

Under 28 U.S.C. § 1915(a), courts may allow prisoners to proceed without paying the

required filing fee.  If a prisoner-plaintiff is unable to pay the filing fee, the statute "permits, but

---

[1] Motions to Strike under RCFC 12(f) allow the Court to strike matters from pleadings. Motions are not pleadings, and the Court therefore could not strike the Government's Motion under RCFC 12(f).  *See Hardy v. United States*, 153 Fed. Cl. 624, 626 (2021) (citing *Fisherman's Harvest, Inc. v. United States*, 74 Fed. Cl. 690 (2006)).  However, Plaintiff's Motion to Strike addresses and responds to the arguments made in Defendant's Motion to Dismiss.  *See* ECF No. 10 at 2 ("I stand to strike the defendant's motion based upon the following legal authority").  For that reason, the Court will liberally construe the Motion to Strike as a Response to the Motion to Dismiss.  *See Kelley v. Sec'y, United States Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

does not require, a court to allow a party to proceed without paying the requisite fees." *Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016).  Courts have discretion to determine based on the information a plaintiff submits whether a plaintiff is "unable to pay such fees." *Brestle v. United States*, 139 Fed. Cl. 95, 103 (2018); *see also Fourstar v. United States*, 950 F.3d 856, 858 (Fed. Cir. 2020) (explaining that decisions to deny "[IFP] status are reviewed for abuse of discretion").

### B.    Subject-Matter Jurisdiction

Under Rules 12(b)(1) and 12(h)(3), the Court must dismiss any action where it lacks subject-matter jurisdiction.  RCFC 12(b)(1), (h)(3).  Once the Court determines that it lacks jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)).  Though courts construe pro se complaints liberally, pro se plaintiffs still bear the burden of establishing subject-matter jurisdiction.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Jaye v. United States*, 781 F. App'x 994, 996 (Fed. Cir. 2019) (citing *Kelley*, 812 F.2d at 1380).

### III.  DISCUSSION

### A.    Plaintiff's Application to Proceed *In Forma Pauperis* is Granted.

Because Plaintiff is incarcerated, Plaintiff must satisfy the statutory requirements applicable to plaintiff-prisoners.  Plaintiff-prisoners requesting to proceed IFP must include an affidavit detailing "all assets [the] prisoner possesses" and demonstrating that the prisoner "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  In addition to the affidavit, plaintiff-prisoners must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the

filing of the complaint[.]"  *Id.* § 1915(a)(2).  If the Court grants the request, a plaintiff-prisoner is still "required to pay the full amount of a filing fee" over time by making an initial payment followed by, when funds exist, monthly payments.  *Id.* § 1915(b)(1).

Plaintiff has satisfied these statutory requirements.  Plaintiff attached a copy of his prisoner account statement to his IFP application.  *See* ECF No. 2 at 7.  In addition, Plaintiff included what appears to be the request that generated the attached copy of his prisoner trust fund statement.  *See id.* at 6.  Plaintiff requested his entire financial record, but the attached copy only includes transactions from the first week of March.  *Id.* at 6–7.  Plaintiff's account balance as of March 5, 2024, was $34.66, significantly less than the $350 filing fee.  *Id.* at 7.  Plaintiff also represents that he receives sporadic gifts from his family, though these sporadic gifts are Plaintiff's sole source of income.  *Id.* at 3.

Therefore, upon review of the information provided in his application, the Court will permit Plaintiff to proceed IFP.  Pursuant to 28 U.S.C. § 1915(b), Plaintiff is required "to pay the full amount of a filing fee."  To that end, the Court shall assess an initial partial filing fee of 20 percent of the greater of the average monthly deposits to Plaintiff's account and the average monthly balance of Plaintiff's account for the six-month period immediately preceding the filing of his complaint.  *Id.* § 1915(b)(1)(A)–(B).  Thereafter, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to [Plaintiff's] account."  *Id.* § 1915(b)(2).  The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of the United States Court of Federal Claims each time the account balance exceeds $10 and until such time as the filing fee of $350.00 is paid in full.[2]  *Id.*

---

[2]  The $52.00 administrative fee for filing a civil action does not apply to prisoners granted IFP status under 28 U.S.C. § 1915.

**B.      The Court Grants the Government's Motion to Dismiss for Lack of Jurisdiction.**

Turning now to the Motion to Dismiss, the Government argues that the Court lacks jurisdiction.  *See* ECF No. 9 at 1–2.  The Court agrees.  First, Plaintiff has not identified a money-mandating source of law required for the Court to exercise jurisdiction under the Tucker Act.  Second, the Court lacks jurisdiction to entertain claims arising from the international agreements Plaintiff cites.  Third, Plaintiff principally seeks equitable relief that is not an incident of or collateral to a monetary judgment in a matter within the Court's jurisdiction.

1.      Plaintiff Has Not Identified a Money-Mandating Source of Law.

The Tucker Act gives this Court jurisdiction over a limited set of claims against the United States.  *See* 28 U.S.C. § 1491.  The statute does not, however, "create a substantive cause of action."  *Rick's Mushroom Serv. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)).  For that reason, plaintiffs "must identify a separate source of substantive law that creates the right to money-damages."  *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983)).

None of the legal authorities cited in Plaintiff's Amended Complaint or Motion to Strike provide this Court with jurisdiction.  Specifically, Plaintiff lists the Fourth Amendment, Section 1 of the Fourteenth Amendment, the Extradition Clause, and the Supremacy Clause.  ECF No. 6 at 3.  These constitutional provisions cannot provide a basis for the Court's exercise of jurisdiction because they are not money-mandating.  *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (holding that the Court of Federal Claims lacks jurisdiction over Fourth Amendment claims because the Fourth Amendment "does not mandate the payment of money for its violation"); *Myles v. United States*, 152 Fed. Cl. 448, 453 (2021) (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028

(Fed. Cir. 1995)) (holding that the Fourteenth Amendment is not money mandating) *aff'd*, No. 2021-1758, 2022 WL 126911 (Fed. Cir. Jan. 13, 2022); *Ewers v. United States*, 168 Fed. Cl. 812, 817 (2024) (holding that the Extradition Clause is not money-mandating); *Treece v. United States*, 96 Fed. Cl. 226, 231 (2010) (citing *Hanford v. United States*, 63 Fed. Cl. 111, 119 (2004)) (holding that the Supremacy Clause is not money mandating).  Nor is the Declaration of Independence a money-mandating source of law.  *Mallard v. United States*, 168 Fed. Cl. 434, 439 (2023), *appeal dismissed*, No. 2024-1148, 2024 WL 829554 (Fed. Cir. Feb. 28, 2024); *Canuto v. United States*, 673 F. App'x 982, 985 (Fed. Cir. 2016).

Additionally, in his Motion to Strike, Plaintiff notes the Court's jurisdiction over contract claims and argues that his birth certificate is a negotiable instrument under the Uniform Commercial Code.  ECF No. 10 at 5–6 ("Thus [this] matter pertains to titles, negotiable instruments, and social security.  These are the instruments of identification and sale.").  Though the Court does have jurisdiction over claims founded upon contracts, 28 U.S.C. § 1491, this grant of jurisdiction is not relevant to Plaintiff's birth certificate or social security card.  Contrary to Plaintiff's implication, "neither a birth certificate nor a social security number evidence a contract on which a private party can sue the Government." *Rivera v. United States*, 105 Fed. Cl. 644, 650 (2012).  The Court lacks jurisdiction over these types of claims, regardless of whether they are framed as claims founded upon a contract with the United States.  *Ammon v. United States*, 142 Fed. Cl. 210, 219–20 (2019) (finding same allegations did not state a non-frivolous contract claim); *Gravatt v. United States*, 100 Fed. Cl. 279, 286 (2011) (same).

    2.     <u>The Court Lacks Jurisdiction to Hear Claims Arising From the International Treaties and Agreements Plaintiff Identifies.</u>

The international agreements and treaties to which Plaintiff refers similarly cannot provide a basis for jurisdiction.  The Court generally lacks jurisdiction to hear claims arising from treaties

with foreign governments.  28 U.S.C. § 1502 ("Except as otherwise provided by Act of Congress, the United States Court of Federal Claims shall not have jurisdiction of any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations.").  In addition, some international agreements are not self-executing and do not "create obligations enforceable in the federal courts."  *Pikulin v. United States*, 97 Fed. Cl. 71, 77 (2011) (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734–35 (2004)).

Plaintiff identifies four international agreements: the International Covenant on Civil and Political Rights ("ICCPR"); the Universal Declaration of Human Rights ("UDHR"); the International Convention on the Elimination of All Forms of Racial Discrimination ("ICERD"); and the International Covenant on Economic Social and Cultural Rights ("ICESCR").  ECF No. 6 at 3.  None of these agreements provides the Court with jurisdiction over Plaintiff's claims.  With respect to the first two agreements, the Supreme Court has explained that federal courts lack jurisdiction over claims arising from the ICCPR and the UDHR because they do not, of their own force, impose obligations that are enforceable in this Court.  *Sosa*, 542 U.S. at 734–35; *see also Pikulin*, 97 Fed. Cl. at 77.  Though Plaintiff purports to rely on the "moral authority" conferred by the UDHR, *see* ECF No. 10 at 3, it nonetheless cannot form the basis for this Court's exercise of jurisdiction.  *See Sosa*, 542 U.S. at 734.  Indeed, even in the case on which Plaintiff relies, the court held that it lacked jurisdiction over claims arising from the UDHR and the ICCPR.  *See Igartua-De La Rosa v. United States*, 417 F.3d 145, 150 (9th Cir. 2005).  Similarly, the Federal Circuit has held that this Court lacks jurisdiction over claims arising from the ICERD because it is not self-executing.  *In re Shinnecock Smoke Shop*, 571 F.3d 1171, 1175 (Fed. Cir. 2009) (citing *Johnson v. Quander*, 370 F. Supp. 2d 79, 101–02 (D.D.C. 2005), *aff'd*, 440 F.3d 489 (D.C. Cir.

2006)).  As for the ICESCR, Congress has not provided this Court with jurisdiction over claims "dependent upon" that agreement.  *See* 28 U.S.C. § 1502.

Plaintiff appears to argue that cases arising under treaties fall within the Court's jurisdiction because they are contracts with the United States.  *See* ECF No. 10 at 4–5.  Plaintiff cites to authority explaining that "[t]reaties are compacts between independent nations."  *Id.* at 4 (quoting *Earl v. Boeing Co.*, 515 F. Supp. 3d 590, 601 (E.D. Tex. 2021)).  Though the Court does have jurisdiction over some contracts claims, 28 U.S.C. § 1491, and although some treaties are "'a species of contract[,]'" "treaties with foreign nations" do not "fall within the jurisdiction of the Claims Court[.]"  *Greene v. United States*, 100 F.4th 1364, 1367 (Fed. Cir. 2024) (quoting *Tsosie v. United States*, 825 F.2d 393, 401 (Fed. Cir. 1987)).

3.     <u>The Court Lacks Jurisdiction to Grant Plaintiff the Equitable Relief He Seeks.</u>

This Court has limited jurisdiction to grant equitable relief.  It may do so in bid protests, and in cases where such relief is "an incident of and collateral to" a monetary judgment.  28 U.S.C. § 1491(a)(2).  Here, Plaintiff principally seeks equitable relief.  He asks that the Court change "the identity and race of [his] legal person" to "Human" in "all instruments of identification," and that the Court order Plaintiff to be "recognized with dignity by all States and Parties of the United States and the United Nations."  ECF No. 6 ¶ 5.  Because these equitable remedies are not an incident of or collateral to a money judgment in a matter within the Court's jurisdiction, the Court may not grant Plaintiff the relief he requests.  *See Ali-Bey v. United States*, 169 Fed. Cl. 729, 737 (2024); *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (citing *Austin v. United States*, 206 Ct. Cl. 719, 723 (1975)).

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's request to proceed IFP and **GRANTS** the Government's Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1).  The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith.  The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

Dated: July 10, 2024                              */s/ Kathryn C. Davis*
                                                  KATHRYN C. DAVIS
                                                  Judge